NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STANDFORD KODUAH, | No.    16-70378 |
| Petitioner, | Agency No. A208-308-095 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017**

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Standford Koduah, a native and citizen of Ghana, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we review de novo due process contentions, *Cruz Rendon*, 603 F.3d 1104, 1109 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's finding that Koduah's failed to establish past persecution or a likelihood of future persecution by his cousin in Ghana on account of a protected ground.  *See Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal dispute is not grounds for relief unless connected to a protected ground).  Thus, we deny the petition as to Koduah's asylum and withholding of removal claims.

Substantial evidence supports the agency's denial of Koduah's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Ghana.  *See Silaya*, 524 F.3d at 1073.

We reject Koduah's contention that the agency violated his due process rights.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000); *Tawadrus v.*

16-70378

*Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004) (requirements for knowing and voluntary waiver of the right to counsel).

**PETITION FOR REVIEW DENIED.**